UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN REYNA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-205 |
| | § | |
| HOME DEPOT U.S.A., INC.; dba THE | § | |
| HOME DEPOT #6584, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 4). Defendants removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no question that Plaintiffs have pled an amount in controversy exceeding $75,000 exclusive of interest and costs. At issue is the fact that Plaintiff has named as Defendant an allegedly non-diverse party, prompting claims of improper joinder. For the reasons stated below, the Motion is DENIED.

**A. Standard of Review.**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*,

326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).  Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573.  In determining whether a viable claim has been made against a non-diverse defendant, the state pleading is evaluated pursuant to state substantive law.  *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir. 1977).  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his or her state law] claim, but look[s] only for a possibility that the plaintiff might do so."  *Guillory*, 434 F.3d at 308.

Ordinarily, if the plaintiff can survive the pleading evaluation, there is no improper joinder.  *See Smallwood*, 385 F.3d at 573.  If Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction.  *See* 28 U.S.C. §§ 1332, 1447(c).

**B. Viability of the Claim as Pled Against Non-Diverse Defendant.**

At issue is the claim against Mark Rivera, an individual citizen of Texas who served as the store manager of the subject Home Depot at the time of the incident.  He is named because of his status as an employee and store manager.  There are no allegations suggesting that he had any personal involvement in the facts surrounding the Plaintiff's

2 / 4

injury or any duty to Plaintiff separate and apart from his employment. Plaintiff has not supplied this Court with anything more than the speculative possibility that Mark Rivera was personally involved in the events made the basis of this lawsuit—because he was the store manager. Such allegations do not satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) or Texas law for establishing a cause of action.[1]

In Texas, individual liability against an employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Bourne v. Wal–Mart Stores, Inc.*, 582 F.Supp.2d 828 (E.D.Tex. 2008). The Texas Supreme Court has extended the holding in *Leitch* to premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

Because Plaintiff has not alleged facts to implicate a breach of duty by the store employee separate and apart from that owed by the store, Mark Rivera was improperly joined. His non-diverse Texas citizenship does not destroy diversity.

**Conclusion**

For the reasons set out above, the Court finds that Mark Rivera is improperly joined. The properly joined parties are diverse. The necessary amount in controversy is not disputed. Thus the Court DENIES Plaintiffs' Motion to Remand (D.E. 4).

---

[1] Defendants supplied evidence that demonstrates that Rivera was not personally involved in the incident. See D.E. 6-1.

ORDERED this 3rd day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE